**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADOLFO TRANQUILINO VAZQUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>        Respondents. | Case No.  5:26-cv-04353-RAO<br><br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Adolfo Tranquilino Vazquez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging his current immigration detention in this District.  Dkt. No. 1 ("Pet."). The same date Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO"), which the Court denied on August 7, 2026, finding that the expedited briefing schedule on the merits of the Petition made it uncertain whether the TRO Application could be decided before a merits-based determination was reached.  Dkt. Nos. 2, 9.

The Petition raises three claims: (1) a violation of 8 U.S.C. § 1226(a); (2) a violation of the Administrative Procedure Act; and (3) a violation of procedural due

process. Pet. at 14-16. The Petition states Petitioner has resided in the United States for many decades. *Id*. at 13. He has a wife and six children who depend on him. *Id*. at 14. One of his children is an active duty member of the United States Air Force. *Id*. In January 2026, he was arrested by immigration authorities and placed into removal proceedings. *Id*. at 13. Petitioner was charged with having entered the United States without inspection. *Id*. He was ordered removed on May 22, 2026, but he has filed an appeal of the removal order. *Id*. at 2. Immigration authorities denied his request for bond and his subsequent request for a re-determination hearing before an immigration judge. *Id*. at 13. The immigration judge denied Petitioner release on the basis that he is a "mandatory detainee." *Id*. at 2-3. Petitioner seeks relief in the form of immediate release, or in the alternative, that he be provided with a bond hearing. *Id.* at 17.

Respondents filed their Answer on August 10, 2026. Dkt. No. 10 ("Ans."). The Answer states that the Petition should be denied for failure to exhaust administrative remedies, contending that Petitioner must appeal the denial of his bond hearing to the Board of Immigration Appeals. *Id*. at 3. Additionally, Respondents note that Petitioner was scheduled for a *Rodriguez* hearing on July 24, 206, but withdrew his request for the hearing. *Id*. at 2.

In his Reply, filed on August 3, 2026, Petitioner clarifies misstatements of fact in the Answer. Dkt. No. 11. First, Petitioner notes that he has appealed the immigration judge's removal order and that appeal remains pending. *Id*. at 2. Thus, the Answer's contention that requiring exhaustion here to allow the BIA to review the pending appeal of the immigration judge's bond decision misses the mark. *Id*. at 3. Second, Petitioner explains that the request for a *Rodriguez* hearing was withdrawn because Petitioner and his counsel received insufficient notice of the bond hearing. *Id*. at 3; Pet. at 3.

///

Because Petitioner was detained on the ground that he is a mandatory detainee, despite having entered without inspection, the Court orders Respondents to provide Petitioner with a constitutionally adequate bond hearing. Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* Pet. at 5-7, 12-15.

In similar circumstances where a petitioner appears to be a member of the bond-eligible class certified in *Maldonado Bautista*, courts in this District have limited relief to ordering the petitioner's release if he is not afforded a timely bond hearing. *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar). Courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release. Therefore, consistent with the practice in this District, the Court will order Petitioner's release if he is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

For the foregoing reasons , IT IS ORDERED that:

3

(1) The Petition is GRANTED in part as to Ground One claiming a violation of 8 U.S.C. § 1226(a);

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3) Respondents are directed to file a status report within 10 days of the entry of this Order substantiating compliance with the Court's Order.

DATED:  August 14, 2026

                                                  /s/
                                        _____
                                        ROZELLA A. OLIVER
                                        UNITED STATES MAGISTRATE JUDGE

4